UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CRISTIAN MARCIA, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

PRIMAVERA ITALIAN SPECIALTIES, INC., and PRIMAVERA MEATS, INC., and THOMAS PRIMAVERA, individually, and CHRISTOPHER PRIMAVERA, individually, and THOMAS PRIMAVERA JR., individually,

Defendants.

**COMPLAINT**

**Docket No.:  26-cv-4741**

Jury Trial Demanded

Plaintiff, CRISTIAN MARCIA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PRIMAVERA ITALIAN SPECIALTIES, INC. ("Specialties"), and PRIMAVERA MEATS, INC. ("Meats" and together with Specialties, where appropriate, as "Corporate Defendants"), and THOMAS PRIMAVERA, individually ("Thomas"), and CHRISTOPHER PRIMAVERA, individually ("Christopher"), and THOMAS PRIMAVERA JR., individually ("Thomas Jr."),   (Thomas, Christopher, and Thomas Jr., together with Corporate Defendants, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

1

**NATURE OF THE CASE**

1.      This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - two New York corporations that operate as a single enterprise to run a Nassau County-based deli, the corporations' owner and day-to-day overseer, and two of the corporations' managers - - as a non-managerial cook, from in or around December 2011 until on or about May 31, 2026.  As described below, throughout Plaintiff's employment, but as relevant herein, for the six-year period pre-dating the commencement of this action, through the end of Plaintiff's employment ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout the Relevant Period, Defendants routinely required Plaintiff to work in excess of forty hours each week, or virtually each week, but failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for the hours that he worked per week in excess of forty.  Rather, Defendants paid Plaintiff a flat weekly salary that by operation of law compensated him for only his first forty hours of work each week, and therefore Defendants paid Plaintiff nothing for any of his hours worked in excess of forty each week.

3.     Additionally, Defendants further violated the NYLL and/or the NYCRR by failing to provide Plaintiff with any wage statement on each payday, let alone an accurate one.

4.     Defendants paid and treated all of their non-managerial employees in this same manner.

5.     Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9.    At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.    At all relevant times herein, Defendant Specialties was and is a New York corporation with its principal place of business located at 810 Hicksville Road, North Massapequa, New York 11758, and which is registered with the New York State Department of State to receive service of process at Post Office Box 1504, Franklin Square, New York 11010.

11.    At all relevant times herein, Defendant Meats was and is a New York corporation with its principal place of business located at 810 Hicksville Road, North Massapequa, New York 11758, and which is registered with the New York State Department of State to receive service of process at Post Office Box 1504, Franklin Square, New York 11010.

12.    At all relevant times herein, Defendant Thomas, was and is the owner and day-to-day overseer of Corporate Defendants, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay, and employees' schedules, as well as for maintaining employment records.   To that end, Defendant Thomas ultimately made the decision to hire Plaintiff, set Plaintiff's rate of pay, determined his work schedule, and should have maintained Plaintiff's employment records.

13.    At all relevant times herein, Defendant Christopher, was and is Defendant Thomas's son, and was and is responsible for helping his father run all aspects of the Corporate Defendants' business, including managing and overseeing the business, hiring and firing employees, determining employees' work schedules, supervising employees' work, and setting

4

employees' work schedules.  To that end Christopher often personally supervised Plaintiff's work and personally terminated Plaintiff's employment.

14.    At all relevant times herein, Defendant Thomas Jr., was and is Defendant Thomas's son, and was and is responsible for helping his father and brother run all aspects of the Corporate Defendants' business, including managing and overseeing the business, hiring and firing employees, determining employees' work schedules, supervising employees' work, and setting employees' work schedules.  To that end Thomas Jr. often personally supervised Plaintiff's work.

15.    At all relevant times herein, Corporate Defendants operated as a single enterprise in that: Defendant Thomas managed, operated, and oversaw the Corporate Defendants; the Corporate Defendants, interchangeably shared employees and equipment such as food, cookware, and boxes, to carry out the needs of the business; Corporate Defendants' business operated out of a single location at 810 Hicksville Road, North Massapequa, New York; and the entities are commonly operated by Defendants Thomas, Christopher, and Thomas Jr., and controlled financially by Defendant Thomas.

16.    At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operate a business that purchases and sells numerous products that have moved across state lines, such as flour, butter, oil, and other ingredients for use in their deli. Defendants also accept payments in cash that naturally moves across state lines and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies.  The

5

combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

18.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

19.    At all relevant times herein, Defendants were aware of the requirement to pay non-exempt employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, Plaintiff lodged numerous complaints, specifically to Defendants Thomas and Thomas Jr., during the Relevant time period and as recently as in or around April 2025, that Defendants were failing to pay his

proper wages in accordance with the law.  However, Defendants continued to not pay Plaintiff for his overtime hours.

20.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

21.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

22.    Under FRCP 23(b)(3), a plaintiff must plead that:

   a.   The class is so numerous that joinder is impracticable;

   b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c.   Claims or defenses of the representative are typical of the class;

   d.   The representative will fairly and adequately protect the class; and

   e.   A class action is superior to other methods of adjudication.

23.    Plaintiff seeks certification of the following FRCP 23 class:

Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

24.    During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

7

<u>Common Questions of Law and/or Fact</u>

25.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information NYLL § 195(3) requires; (5) whether Defendants maintained and continue to maintain records with respect to each hour that the Rule 23 Plaintiffs worked; (6) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (7) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (8) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

26.     As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, in excess of forty hours per week, yet Defendants have routinely failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in a week in excess of forty, and also failed to provide them with an accurate wage statement on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the

statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty, and to be furnished with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

27.    Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, and also did not furnish him with an accurate wage statement on each payday, which is substantially similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

28.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

9

Superiority

29.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

30.     Any lawsuit brought by any non-managerial employees of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

31.     Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

32.     Corporate Defendants, as described above, are two legally distinct entities that together operate as a single enterprise to run a Nassau County-based deli, located at 810 Hicksville Road, North Massapequa, New York.

33.     Defendant Thomas is the owner of the Corporate Defendants, and together with Defendants Christopher, and Thomas Jr., oversees Defendants' enterprise on a daily basis as detailed above, including with respect to all personnel-related matters.

34.     Plaintiff worked for Defendants as a non-managerial cook from in or around December 2011 until on or about May 31, 2026.

35.     As a non-managerial cook, Plaintiff's primary job duties consisted of preparing food, ensuring that orders went out in a timely manner, and maintaining the cleanliness of the kitchen.

36.     Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff generally did work, five days per week, Thursday through Monday, from approximately

10

8:30 a.m. until 6:30 p.m., without any uninterrupted break during each shift, for a total of approximately fifty hours per week.

37. From the beginning of the Relevant Period through March 2025, Defendants paid Plaintiff at a flat weekly salary of $1,214.76 regardless of the number of hours that he worked. From April 2025 through the end of his employment, Defendants paid Plaintiff at a flat weekly salary of approximately $1,354.82 regardless of the number of hours that he worked. At all times throughout the Relevant Period, Plaintiff's weekly salary operated to cover only his first forty hours worked in a week. Thus, at no time during the Relevant Period did Defendants pay Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular rate of pay, for any hours that he worked over forty in a week.

38. By way of example only, for the week of June 9 through June 15, 2022, Defendants required Plaintiff to work, and Plaintiff did work, a total of approximately fifty hours, according to the following schedule, without any uninterrupted breaks, throughout the week:

Thursday, June 9, 2022: 8:30 a.m. to 6:30 p.m.;

Friday, June 10, 2022: 8:30 a.m. to 6:30 p.m.;

Saturday, June 11, 2022: 8:30 a.m. to 6:30 p.m.;

Sunday, June 12, 2022: 8:30 a.m. to 6:30 p.m.;

Monday, June 13, 2022: 8:30 a.m. to 6:30 p.m.;

Tuesday, June 14, 2022: Off; and

Wednesday, June 15, 2022: Off.

In exchange for his work that week, Defendants paid Plaintiff at his flat weekly salary of $1,214.76, which covered only his first forty hours of work, and thus Defendants paid Plaintiff nothing for any of the ten hours that he worked in excess of forty for that week.

11

39.     Defendants paid Plaintiff on a weekly basis, with each payment made partially in cash and partially by check.

40.     On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his hours worked, his regular and overtime rates of pay, and his regular and overtime wages owed.  Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

41.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

42.     Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

43.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

44.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

46.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

12

47. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

48. Defendants willfully violated the FLSA.

49. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

53. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

54. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

13

55.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

56.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

57.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

60.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

61.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

62.   Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.   Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.   Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between

wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.    Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.    Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.    Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j.    Awarding pre-judgment and post-judgment interest, as provided by law; and

k.    Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
        August 3, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:    _____
       ANDREW C. WEISS (5560537)
       MICHAEL J. BORRELLI (MB 8533)

16